LETTS, Chief Judge.
The issue is whether the following facts constituted probable cause to arrest without a warrant. The trial court thought not and granted the motion to suppress a confession. We reverse.
The officer testified that she was dispatched by radio to a coin shop where there had been an armed robbery with possibly two subjects involved. Upon arrival, she questioned a man (the actual perpetrator who was shot by the coin shop operator) being treated by paramedics. One paramedic handed the officer the injured man’s wallet. In it, she found a driver’s license and the Florida title to a motor vehicle which she then proceeded to search'for in the vicinity.
She soon found the car on the north side of the very same shopping center in which the coin shop was located. As she was checking on the tag (the vehicle identification number matched) and standing near the windshield, the defendant came up to the car with his keys in hand and started to enter. When asked his business, he first stated that the car was his and he was leaving. Upon further questioning, he changed his story and said it was a friend’s car and he was taking it to do a brake job. The officer then arrested the defendant, advised him of his rights and told him he was charged with robbery. He later confessed.
Section 901.15(3), Florida Statutes (1979) provides that a police officer may arrest a suspect without a warrant if he reasonably believes a felony has been committed and he reasonably believes the person to be arrested has committed it. State v. Keen, 384 So.2d 284 (Fla. 4th DCA 1980). We see no reason for extended analysis or discussion of this case. We simply announce that in our view the foregoing facts gave the officer reasonable grounds to believe that the man she arrested was participating in a felony.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ., concur.